# EXHIBIT 9



September 22, 2022

Richard P. Coe, Jr., Esq.
Weir, Greenblatt, Pierce, LLP
RCoe@wgpllp.com

Daron Zakarian
PSEG Nuclear LLC
Daron.Zakarian@pseg.com

**RE: <u>Cease and Desist Use of Freshwater Intake Cleaning Process</u>**

Dear Mr. Coe and Mr. Zakarian,

    We are recently retained by Northern Divers, USA ("Northern Divers") regarding the unauthorized uses of Northern Divers' patent "Intake Pipe Cleaning System and Method", patent no. 9,687,891 (hereinafter the "Patent"), by Atlantic Subsea Inc ("ASI") and Public Service Enterprise Group ("PSEG"). Please direct all future communications to us.

    It is our understanding PSEG, ASI, and our client crossed path in 2015, when PSEG contacted Northern Divers to clean a 42" x 700' long pipe, which ASI was not able to clean more than 10' of the pipe after 3 weeks. Using Northern Divers' method, the pipe was cleaned in 3 days. Please see attached Exhibit 1 for a copy of the executed confidentiality agreements entered by PSEG and ASI (hereinafter the "2015 Contracts") with Northern Divers in 2015 and the paid $100,000 invoice.

    ASI used Northern Divers' method again in 2017 at the request of PSEG and properly compensated Northern Divers. Please see attached Exhibit 2 for a copy of the Contract entered by ASI and Northern Divers at PSEG SALEM in 2017 (the "2017 Contract") and the paid $100,000 invoice.

    Thereafter, Northern Divers' patented method was used again in 2018, 2019, and 2021, however, without Northern Divers' authorization or proper compensation. Our client is deeply frustrated with the repeated infringement of the Patent and breach of contract by ASI and PSEG.

    We have reviewed the email exchanges between you, Mr. Elias Soupos, and Mr. Frank Frosolone, including Mr. Coe's Feb. 22 letter, please see below response to the comparison of Northern Divers' patent and the work performed at PSEG, and why ASI and PSEG infringed Northern Divers' patent:

1. The patent is a method for removing debris from an interior of a water intake pipe that has collected over time, not just pipes and structures. The work performed at PSEG is removing debris from a discharge pipe, which is substantiality similar to an intake pipe claimed in the Patent in this context. A method of cleaning one type of pipe would likely work in a different type, and given ASI's access to the confidential information, the doctrine of equivalents would apply for infringement analysis purposes. Nowhere in the Patent does it limit the method to apply only to intake pipes.

2. Contrary to your construction that the patent "[c]leaning is done with waterflow against the nature flow", and work performed at PSEG is done with "water flushed out using standard pumps in the same direction as flow", the Patent does not limit itself to one direction. *See* Claim 3 of the Patent, a dependent claim of Claim 2, "wherein the flow of water during cleaning is in a reverse direction relative to a water flow direction during service", expanding Claim 2 to cover pipe water flow in the forward direction to the flow. *See also* the Patent, section 5 line 46 "the cleaning operation, which includes a cleaning flow of water to pass through the intake pipe 118, does so in a *reverse or forward* direction with respect to the normal flow of water through the pipe." (Emphasis added).

3. You construe the Patent to require "[a]ttachments, bubblers and additives" while the work performed at PSEG require none. However, Claim 1 of the Patent does not require any attachments, bubblers, or additives. Claim 6, which depends on Claim 1, references utilizing cleaning agents, and it is not until its dependent claim, Claim 8, that provides embodiments of the cleaning agents such as "ice particles, air bubbles, and sand." Additionally, Claim 6 used "further comprising" such that the claim is for an option to better performance, not a limitation of the patent's scope if not used. *See* the Patent, Section 2 line 53 "[i]n one embodiment, the flow of water provided to the intake pipe for cleaning *can* be combined with solids, such as ice, or air, to enhance the cleaning effect" (emphasis added); *see also* section 6 line 11 ("where a swirl, turbulence *and/or cleaning agents* are added."(Emphasis added).

4. With regard to "variety of water pumps" and "forced air with compressors", you alleged they are required by the Patent but the work performed at PSEG uses standard industry rental pumps and does not require forced air or compressors. However, "variety of pumps" or "compressors" is not required by any claims. They are only mentioned in the specification when describing one of the methods. *See* the Patent, section 2 line 65: "*[i]n one method disclosed herein*, a process for cleaning water intakes *includes using a variety of water pumps* and *air compressors* to create a turbulent water flow through a pipe of any diameter and of any length." (Emphasis added). The Patent does not contain any limitation as to the either the types of pumps or require forced air with compressors.

   Similarly, "flanges" and "attachments" are not mentioned in the Patent thus not required by claimed methods described by the Patent.

   In addition to the patent infringement, PSEG and ASI also breached the 2015 Contracts and 2017 Contract terms.

   First, PSEG and ASI agreed to use reasonable effort not to engage in any action that would or could result in or lead to the commingling of the Confidential Information, including Northern Divers' patented method for the effective term of eight (8) years upon execution. *See* the 2015 Contracts at ¶ 2. ASI further agrees to not "use or repeat" any Confidential Information, pursuant to the 2015 Contracts, "until a final agreement between both parties is completed for future system used by Atlantic SubSea." See the 2017 Contract at 1.

   Second, PSEG and ASI agreed that "[n]o rights or license under any patent, Confidential Information, know-how, or other proprietary right" was grant or licensed to the other. This includes the Patent and the methods invented by Northern Divers. *See* the 2015 Contracts at ¶ 8. We also herey reincorporate the breach of contract terms Mr. Soupos pointed out in his Feb 3., 2022 letter.

   Northern Divers plans to initiate legal action against PSEG and ASI for patent infringement and breach of contract, but would like to give PSEG and ASI one last chance to resolve this amicably.

   Northern Divers is willing to agree to absolve this dispute if PSEG and ASI agree to

1. Cease all any use of Northern Divers patented methods;
2. Pay Northern Divers $1,000,000 (one million U.S. Dollars) for the past infringing uses; and
3. Sign and return the enclosed statements to the undersigned.

   Please respond to this letter by email to us within fifteen (15) calendar days by complete and execute the attached statements or we will be forced to bring this matter to litigation.

Sincerely,

| | |
|---|---|
| /Yi Bu/ | / Elliot M. Samuels/ |
| Yi Bu | Elliot M. Samuels |
| Yanling Jiang | |
| | Law Offices of Elliot M. Samuels |
| JiangIP LLC | 225 West Washington, Suite 1300 |
| 33 W Jackson Blvd, #2W | Chicago, IL 60606 |
| Chicago, IL 60604 | 312-357-0590 |
| 262-729-3628 (Yi Bu) | 312-236-6706 Fax |
| 630-733-9483 (Yanling Jiang) | |

Enclosures