**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORTHERN DIVERS USA, INC. | : <br> : <br> :DOCKET NO.: 1:24-cv-08279-KMW-EAP |
| Plaintiff, | : <br> : |
| vs. | :CIVIL ACTION <br> : |
| ATLANTIC SUBSEA, INC., AJAY A. TALWAR, VINOD MENEZES, PSEG GLOBAL USA, INC., and XYLEM DEWATERING SOLUTIONS, INC. | : <br> :**Motion Day: July 7, 2025** <br> : <br> : |
| Defendants. | : <br> : |

**DEFENDANTS, PSEG NUCLEAR, LLC (I/P/A PSEG GLOBAL USA, INC.), ATLANTIC SUBSEA, INC., AJAY A. TALWAR, AND VINOD MENEZES'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF, NORTHERN DIVERS, INC.'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO CONSOLIDATE OR STAY**

*ORAL ARGUMENT REQUESTED*

# TABLE OF CONTENTS

I.   **PRELIMINARY STATEMENT** .................................................................................... 1

II.  **PROCEDURAL BACKGROUND OF THE DISPUTE** ........................................... 3

   A.  THE FIRST NEW JERSEY ACTION ................................................................ 3

   B.  PLAINTIFF FILES TWO ADDITIONAL LAWSUITS .................................... 4

   C.  PLAINTIFF FILES COUNTERCLAIMS IN THE FIRST NEW JERSEY ACTION ........ 5

III.   **ARGUMENT** ............................................................................................................ 5

   A.  THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER THE FIRST FILED RULE .......... 5

   B.  THE AMENDED COMPLAINT SHOULD BE DISMISSED AS DUPLICATIVE OF THE COUNTERCLAIMS ASSERTED IN THE FIRST NEW JERSEY ACTION ........................ 7

   C.  IN THE ALTERNATIVE, THIS CASE SHOULD BE CONSOLIDATED OR STAYED .................... 9

      1.  Consolidation is warranted under Rule 42. ............................................ 9

      2.  If the Court does not Consolidate the New Jersey Actions, it should Stay this Action pending the outcome of the First New Jersey Action. ................................ 10

   D.  PLAINTIFF'S CLAIMS AGAINST PSEG, ASI, TALWAR AND MENEZES SHOULD NEVERTHELESS BE DISMISSED PURSUANT TO RULE 8 AND RULE 12(b)(6) .................... 12

      1.  Plaintiff Fails to State a Claim for Direct Patent Infringement Against ASI ............. 13

      2.  Plaintiff Fails to Plead a Claim for Patent Infringement Against Talwar or Menezes ........................................ 17

      3.  Plaintiff Fails to Plead a Claim for Induced Infringement against PSEG ................ 21

IV.  **CONCLUSION** ...................................................................................................... **22**

i

# TABLE OF AUTHORITIES

**CASES**

*A. Stucki Co. v. Worthington Indus., Inc.*,
849 F.2d 593 (Fed.Cir.1988) ................................................................ 22

*ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*,
309 F.R.D. 193 (D.N.J. 2015) ............................................................... 11

*Aldens v. Packel*,
524 F.2d 38 (3d Cir. 1975). .................................................................. 8

*Amgen Inc. v. F. Hoffmann–LaRoche Ltd.*,
580 F.3d 1340 (Fed. Cir. 2009) ........................................................... 14

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).................... passim

*Atlantic Subsea, Inc. v. Northern Divers USA, Inc., et al.*,
No. 1:23-cv-00198, Dkt. 27, ¶ 27 (D.N.J. Nov. 27, 2023) ................. 18, 25

*Atlantic Subsea, Inc. v. Northern Drivers USA, Inc., et al*,
No. 1:23-cv-00198 (D.N.J. Jan. 13, 2023) .......................................... 3, 5

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016), aff'd, 686 F. App'x 921 (Fed. Cir. 2017)..................... 16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)................... passim

*Bell Tel. Labs., Inc. v. Int'l Bus. Machs. Corp.*,
630 F. Supp. 373 (D. Del. 1984) .......................................................... 8

*Binsack v. Lackawanna Cnt. Prison*,
438 F. App'x 158 (3d Cir.2011)............................................................ 20

*Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*,
725 F.3d 1341 (Fed. Cir. 2013) ........................................................... 14

*Chong v. Day & Zimmermann Servs., Inc.*,
No. 21-1816, 2022 WL 889091 (E.D. Pa. Mar. 25, 2022). ................ 6

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017) ........................................................... 25

*Crosley Corp. v. Hazeltine Corp.*,
122 F.2d 925 (3d Cir. 1941) ............................................................... 6, 9

*Desenberg v. Google, Inc.*,
392 F. App'x 868 (Fed. Cir. 2010)....................................................... 16

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ........................................................... 23

*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
    363 F.3d 1263 (Fed. Cir. 2004) ........................................... 24

*EEOC v. Univ. of Pa.,*
    850 F.2d 969 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) ........................ 6

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.,*
    845 F.3d 1357 (Fed. Cir. 2017) ........................................... 15

*Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.,*
    339 F.2d 673 (3d Cir. 1964) ........................................... 10

*Ford Motor Credit Co. v. Chiorazzo,*
    529 F. Supp. 2d 535 (D.N.J. 2008) ........................................... 12

*Global–Tech Appliances, Inc. v. SEB S.A.,*
    563 U.S. 754 (2011) ........................................... 24

*Great Lakes Rubber Corp. v. Herbert Cooper Co.,*
    286 F.2d 631 (3d Cir. 1961) ........................................... 8

*Hoover Group, Inc. v. Custom Metalcraft, Inc.,*
    84 F.3d 1408 (Fed.Cir.1996) ........................................... 21

*In re Burlington Coat Factory Sec. Litig.,*
    114 F.3d 1410 (3d Cir.1997) ........................................... 13

*Landis v. N. Am. Co.,*
    299 U.S. 248 (1936) ........................................... 11

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,*
    149 F.R.D. 65 (D.N.J. 1993) ........................................... 10

*LifeNet Health v. LifeCell Corp.,*
    837 F.3d 1316 (Fed. Cir. 2016) ........................................... 14

*Local 478 Trucking & Allied Indus. Pension Fund v. Jayne,*
    778 F.Supp. 1289 (D.N.J.1991) ........................................... 12

*Lyda v. CBS Corp.,*
    838 F.3d 1331 (Fed. Cir. 2016) ........................................... 16

*Manville Sales Corp. v. Paramount Sys., In*c.,
    917 F.2d 544 (Fed. Cir. 1990) ........................................... 20, 22

*MII Exports, Inc. v. Feingold,*
    No. 90-3224, 1990 WL 149298 (E.D. Pa. Sept. 18, 1990) ........................ 9

*MONEC Holding AG v. Motorola Mobility, Inc.,*
    897 F. Supp. 2d 225 (D. Del. 2012) ........................................... 22

*MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC,*
    No. 3:18-cv-2211 2019 WL 1418129 (D.N.J. Mar. 29, 2019) ........................ 17

iii

*Murrell v. City of Hackensack,*
  No. 16-2913, 2017 WL 4317387 (D.N.J. Sept. 28, 2017)....................................... 10

*Northern Divers USA, Inc. v. Atlantic Subsea, Inc. et al,*
  No. 1:24-cv-06850 (ND.IL Aug. 5, 2024)................................................................ 4

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,*
  806 F.2d 1565 (Fed.Cir.1986). ............................................................................ 21

*Pearson v. Component Tech. Corp.,*
  247 F.3d 471 (3d Cir. 2001) ................................................................................ 23

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,*
  998 F.2d 1192 (3d Cir. 1993). ............................................................................. 14

*Phillips v. County of Allegheny,*
  515 F.3d 224 (3d Cir.2008) ................................................................................. 13

*Pragmatus AV, LLC v. Yahoo! Inc.,*
  No. 11-902, 2012 WL 6044793 (D. Del. Nov. 13, 2012)...................................... 22

*Raindance Techs., Inc. v. 10x Genomics, Inc.,*
  No. 15-152, 2016 WL 927143 (D. Del. Mar. 4, 2016).......................................... 17

*Rohm & Haas Co. v. Biotech Corp.,* 770 F. Supp. 928 (D. Del. 1991)........................ 9

*S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,*
  181 F.3d 410 (3d Cir. 1999) ................................................................................ 14

*Simonyan v. Ally Fin. Inc.,*
  No. 12-8495, 2013 WL 45453 (C.D. Cal. Jan. 3, 2013)....................................... 19

*Southern Constr. Co. v. Pickard,*
  371 U.S. 57 (1962) ............................................................................................... 8

*Superior Indus., LLC v. Thor Global Enters. Ltd.,*
  700 F.3d 1287 (Fed. Cir. 2012) ........................................................................... 25

*Tex. Instruments Inc. v. Cypress Semiconductor Corp.,*
  90 F.3d 1558 (Fed. Cir. 1996) ............................................................................. 12

*Vita-Mix Corp. v. Basic Holding, Inc.,*
  581 F.3d 1317 (Fed. Cir. 2009) ........................................................................... 24

*Wechsler v. Macke Int'l Trade, Inc.,*
  486 F.3d 1286 (Fed.Cir.2007) ............................................................................. 21

*Wordtech Sys., Inc v. Integrated Networks Sols.,* Inc.,
  609 F.3d 1308 (Fed. Cir. 2010) ........................................................................... 21

*Xerox Corp. v. SCM Corp.,*
  576 F.2d 1057 (3d Cir. 1978) ............................................................................... 8

*Zubik v. Zubik,*
  384 F.2d 267 (3d Cir.1967), *cert. denied,* 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291
  (1968)......................................................................................................................................... 21

**STATUTES**

35 U.S.C. § 271(a) ................................................................................................................ 14, 20

35 U.S.C. § 271(b) ...................................................................................................................... 23

**RULES**

Fed. R. Civ. P. 12(b)(6).......................................................................................................... 2, 13, 14

Fed. R. Civ. P. 13(a) ........................................................................................................... passim

Fed. R. Civ. P. 13(h) ................................................................................................................ 7, 9

Fed. R. Civ. P. 13........................................................................................................................ 5

Fed. R. Civ. P. 42(a) ............................................................................................................ 10, 11

## I.     PRELIMINARY STATEMENT

This lawsuit is part of in an over 2 years long dispute between Plaintiff Northern Divers USA, Inc. ("Northern Divers" or "Plaintiff") and Atlantic Subsea, Inc. ("ASI") arising from a contractual relationship involving allegedly patented and proprietary services. The parties are already litigating almost identical claims in a related case pending before this Court (the "New Jersey Actions"), including a case that ASI filed against Plaintiff in January 2023 (the "First New Jersey Action") this separate 2024 suit initiated by Plaintiff (the "Second New Jersey Action"), and one pending in the Northern District of Illinois (the "District of Illinois Action"). In both New Jersey Actions, Plaintiff seeks to assert patent infringement and related claims arising from the same alleged conduct, involving the same patent, the same project, and the same operative facts.

Dissatisfied with the course of the First New Jersey Action, Plaintiff has engaged in forum and judge shopping by filing two new lawsuits: the District of Illinois Action and the Second New Jersey Action. All three lawsuits involve both Northern Divers and ASI, the same alleged conduct, and the same or substantially similar claims. Notably, the claims asserted by Plaintiff in this action could have, and should have, been raised in the First New Jersey Action.

Plaintiff's claims in this duplicative suit are plainly barred under well-established doctrines that prohibit piecemeal litigation. First, under the first-filed rule, this later-filed action should be dismissed or stayed to allow the previously filed and still-pending First New Jersey Action to proceed. Second, Plaintiff's claims here are compulsory counterclaims it was required to raise in the First New Jersey Action pursuant to Rule 13(a) because they arise out of the same transaction or occurrence as ASI's claims in that matter. Plaintiff cannot evade Rule 13(a) by filing the same claims in a separate lawsuit simply by naming additional parties.

1

In any event, the Complaint fails to meet the basic pleading standards of Rule 8 and should be dismissed under Rule 12(b)(6). Plaintiff has not plausibly alleged that ASI—or any other individual Defendant—performed each and every step of any asserted claim of the '891 Patent, either directly or under a divided infringement theory. The Amended Complaint contains only vague, conclusory references to alleged infringement and fails to specify which steps were performed by whom, when, or how. These threadbare allegations do not suffice under *Iqbal* and *Twombly*.

Finally, even if the Court were to find that dismissal is not warranted at this stage, a stay is appropriate. There is no prejudice to Plaintiff, as it has already asserted identical claims against ASI in the First New Jersey Action and remains free to seek leave to assert claims against the other Defendants in that forum. Proceeding here would result in duplicative discovery, conflicting rulings, and unnecessary burden on the Court and parties. This case should be dismissed in its entirety—or at a minimum, stayed—in favor of the earlier-filed and properly pending First New Jersey Action.

Moreover, even if the Court declines to dismiss, stay or consolidate this case, Plaintiff's claims independently warrant dismissal under Rule 12(b)(6) as Plaintiff has failed to state a cause of action for direct Patent Infringement against Defendants ASI, PSEG, Talwar or Menezes (together, the "Defendants"). Northern Divers has failed to sufficiently plead any cognizable infringement claim against Defendants. As part of its attempt to piece together some type of claim, Northern Divers names multiple Defendants and claims that each has some involvement in acts that supposedly give rise to some type of patent infringement liability. However, Northern Divers has failed to indicate what specific acts each named Defendant allegedly performed with the requisite specificity. Even if that deficiency is set aside, Northern Divers has failed to set forth

factual allegations that, if accepted to be true, could establish that any named Defendant could be liable for infringement of the '891 Patent. In view of these inadequate allegations, this action also should be dismissed.

## II.    PROCEDURAL BACKGROUND OF THE DISPUTE

### A.  THE FIRST NEW JERSEY ACTION

On January 13, 2023, ASI filed the First New Jersey Action against Plaintiff and its principal, Frank Frosolone (together the "Northern Divers Defendants"), seeking declaratory relief and asserting claims for fraud, breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment. *See Atlantic Subsea, Inc. v. Northern Drivers USA, Inc., et al,* No. 1:23-cv-00198, Dkt. 1 (D.N.J. Jan. 13, 2023). ASI seeks declaratory relief in response to the Northern Divers Defendants' allegations that ASI infringed on their patented and proprietary technology—allegations ASI contends are baseless. *Id.,* ¶¶ 32-34, 56-59. ASI alleges that it never received any confidential or proprietary information from the Northern Divers Defendants. *Id.,* ¶¶ 10, 12, 14, 31. Moreover, ASI alleges that the Northern Divers Defendants misrepresented the nature of the services they were to provide in 2015, falsely claiming those services were patented and proprietary. *Id.,* ¶¶ 11-14, 19. ASI maintains that the pump layout it used was provided by another vendor, not by the Northern Divers Defendants, and that it was not subject to any patent application filed by Northern Divers. *Id.,* ¶¶ 11-13, 25-27, 37. ASI further states that all work was completed using standard, widely accepted industry methodologies. *Id.,* ¶¶ 11, 13-14, 18.  At no point, according to ASI, did the Northern Divers Defendants disclose any details of their patent application to ASI or PSEG, nor did they supply any equipment, attachments, connections, fittings, or other materials subject to any patent. *Id.,* ¶¶ 10-11, 21, 17, 31, 44.

On February 6, 2023, the Northern Divers Defendants moved to transfer the case to the Northern District of Illinois arguing that an Illinois choice-of-law provision controlled. *Id*., Dkt. 10 (Feb. 6, 2023). The Court denied that motion, finding the provision vague and determining that jurisdictional and equitable considerations favored keeping the case in New Jersey. *Id*., Dkt. 19 (Sept. 30, 2023). Subsequently, Plaintiff filed a motion to dismiss on November 6, 2023 (*id.,* Dkt. 22 (Nov. 6, 2023)), which ASI responded to by filing an amended complaint on November 27, 2023 (*id.,* Dkt. 27 (Nov. 27, 2023)), and Plaintiff thereafter filed a motion to dismiss the amended complaint on December 11, 2023, (*id.,* Dkt. 36 (Dec. 11, 2023)), which the Court granted in part and denied in part on July 29, 2024. *Id.,* Dkts. 48-49 (July 29, 2024). The Court dismissed all claims against Frank Frosolone and three (3) of ASI's claims against Plaintiff without prejudice but allowed the declaratory judgment and breach of contract claims to proceed. *Id.,* Dkts. 48-49 (July 29, 2024)*.*

### B.  PLAINTIFF FILES TWO ADDITIONAL LAWSUITS

On August 5, 2024—less than a week after the Court ruled on Plaintiff's motion to dismiss in the First New Jersey Action—Plaintiff filed the District of Illinois Action against ASI, PSEG and XYLEM, asserting claims for breach of contract, tortious interference, unjust enrichment, civil conspiracy, and violations of the Defend Trade Secrets Act and the Illinois Trade Secrets Act. *See Northern Divers USA, Inc. v. Atlantic Subsea, Inc. et al,* No. 1:24-cv-06850, Dkt. 1, ¶¶ 40-96 (N.D.Ill Aug. 5, 2024). On the same day, Plaintiff also filed this Action, asserting patent infringement claims against the same Defendants in the District of Illinois action. *See*, Dkt. 1. On May 12, 2025, Plaintiff filed an amended complaint in that case, adding two new parties, Ajay A. Talwar ("Talwar") and Vinod Menezes ("Menezes"), and reasserting claims for: (1) Infringement of -891 Patent against ASI, Talwar and Menezes, (2) Induced Infringement of the '891 Patent

against PSEG, and (3) Contributory Infringement of the '891 Patent By Xylem. *See* Am. Compl. ¶¶ 55-112 (D.N.J. May 12, 2025).

### C.  PLAINTIFF FILES COUNTERCLAIMS IN THE FIRST NEW JERSEY ACTION

On September 3, 2024, Plaintiff answered ASI's amended complaint in the First New Jersey Action and filed counterclaims for: (1) infringement of the '891 patent; (2) breach of contract; (3) tortious interference; (4) unjust enrichment; and (5) violation of the DTSA (the "Counterclaims"). *See Atlantic Subsea, Inc. v. Northern Drivers USA, Inc., et al,* No. 1:23-cv-00198, Dkt. 56, pp. 10-30 (Sept. 3, 2024). The Counterclaims are compulsory counterclaims under the Federal Rules of Civil Procedure because they arise out of the same transaction or occurrence that is the subject matter of  the claims asserted in this case and in the District of Illinois Action. *See* Fed. R. Civ. P. 13.

### III.    ARGUMENT

### A. THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER THE FIRST FILED RULE

In addition to the reasons set forth below, this action should be dismissed under the well-established first-filed rule, which "encourages sound judicial administration and promotes comity among federal courts of equal rank." *EEOC v. Univ. of Pa.,* 850 F.2d 969, 971 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990). Under this rule, "in all cases of [federal] concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crossley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir. 1941). The first-filed rule applies when two substantially similar actions are pending in different courts, and the later action seeks to adjudicate the same issues. In such circumstances, the court with the second-filed case should defer to the first, unless there are

compelling circumstances to justify departure. *EEOC*, 850 F.2d at 971; *Chong v. Day & Zimmermann Servs., Inc.,* No. 21-1816, 2022 WL 889091, at *5 (E.D. Pa. Mar. 25, 2022).

All of the factors supporting application of the first-filed rule are present here: (1) the First New Jersey Action was filed before this case; (2) the parties are substantially the same; (3) the claims arise from the same underlying events and contractual relationships; and (4) the issues of law and fact are virtually identical. This second action—brought in the same district—seeks to relitigate claims that are already pending in the First New Jersey Action. Allowing the two to proceed concurrently would not only waste judicial resources but also risk inconsistent rulings and encourage forum manipulation.

No compelling circumstances exist to warrant departure from the rule. Courts have recognized exceptions only in narrow circumstances, such as where the second forum offers substantially greater convenience or where bad faith or forum shopping tainted the first filing. *See EEOC*, 850 F.2d at 979. Here, the opposite is true: Plaintiff's second-filed complaint is a transparent attempt at forum shopping and circumventing Rule 13(a), particularly given that Plaintiff is already litigating the same claims against ASI in the First New Jersey Action and could, if it so chose, pursue claims against PSEG, XYLEM, Talwar and Menezes in that action through Rule 13(h).

Plaintiff's nearly two-year delay in filing the District of Illinois Action and this Action eliminates any basis for the Court to find an exception to the first-filed rule for either action. In fact, Plaintiff appears to be engaging in a scheme to harass ASI by filing frivolous litigation in different districts essentially alleging the same claims. There is no dispute that the District of New Jersey has jurisdiction over Plaintiff by virtue of its filing a lawsuit in New Jersey and its substantial conduct in the state. Talwar, Menezes, PSEG and XYLEM are subject to jurisdiction

in the District of New Jersey and Plaintiff can easily join them in the First New Jersey Action by filing a third-party complaint. Accordingly, this Court should dismiss the complaint under the first-filed rule and direct Plaintiff to litigate all related claims in the First New Jersey Action, where the matter is already being actively addressed by Judge Williams.

### B. THE AMENDED COMPLAINT SHOULD BE DISMISSED AS DUPLICATIVE OF THE COUNTERCLAIMS ASSERTED IN THE FIRST NEW JERSEY ACTION

Plaintiff's claims are also subject to dismissal under the Federal Rules because they constitute compulsory counterclaims that should have been asserted in the earlier-filed First New Jersey Action. Rule 13(a) mandates that a pleading "must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The Rule is intended to promote judicial efficiency and avoid piecemeal litigation. Rule 13(a) serves to avoid the substantial duplication of effort and time by the parties and courts. *See Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962) (Rule 13(a)'s purpose is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters"); *Aldens v. Packel*, 524 F.2d 38, 51 (3d Cir. 1975).

As the Third Circuit explained in *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961), "[w]here multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." The test for whether a claim is compulsory is whether it bears a "logical relationship" to the claims in the first action. *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978). That standard is satisfied here. All claims in

this case arise from the same alleged conduct, contractual relationships, and events at issue in the First New Jersey Action, where Plaintiff has already asserted claims against ASI arising from the same underlying dispute.

Moreover, Rule 13(a) also supports application of the first-filed rule. When a party seeks to assert in a new forum claims that should have been brought as compulsory counterclaims in a prior action, courts regularly dismiss the later action to prevent forum shopping. *See Bell Tel. Labs., Inc. v. Int'l Bus. Machs. Corp.*, 630 F. Supp. 373, 379 (D. Del. 1984) ("When a party violates Rule 13(a) by bringing a second action rather than filing a compulsory counterclaim in the first action, normally, the first suit should have priority.") (internal quotation omitted); *Crosley Corp.*, 122 F.2d at 930 ("The party who first brings a controversy into a court of competent jurisdiction... should be free from the vexation of subsequent litigation over the same subject matter.")

The fact that Plaintiff has brought the present suit against nominally different parties—Talwar and Menezes—does not affect the compulsory nature of the claims. Courts have consistently held that the addition of parties does not defeat the application of Rule 13(a) where the underlying transaction or occurrence is the same. *See Rohm & Haas Co. v. Biotech Corp.*, 770 F. Supp. 928, 934 (D. Del. 1991) ("[T]he addition of extra parties in the [second] action does not affect the compulsory counterclaim issue."); *see also MII Exports, Inc. v. Feingold*, No. 90-3224, 1990 WL 149298, at *4 (E.D. Pa. Sept. 18, 1990) ("A compulsory counterclaim allows the court to assert ancillary jurisdiction over additional parties joined under Rule 13(h).")

There is no prejudice to Plaintiff in enforcing Rule 13(a) here. Plaintiff has already asserted the same claims against ASI in the First New Jersey Action, and it remains free to pursue those same claims—if appropriate—against Talwar and Menezes in that forum via Rule 13(h). Accordingly, dismissing this duplicative action promotes judicial efficiency without depriving

Plaintiff of any substantive rights. For all these reasons, dismissal is proper because Plaintiff's claims are compulsory counterclaims that should have been asserted in the First New Jersey Action.

## C.  IN THE ALTERNATIVE, THIS CASE SHOULD BE CONSOLIDATED OR STAYED

### 1.  Consolidation is warranted under Rule 42.

Federal Rule of Civil Procedure 42(a) authorizes consolidation of actions that "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a)(1)–(3). When actions pending before the same court share overlapping legal or factual issues, consolidation is a discretionary tool available to "avoid unnecessary cost or delay." *Id.* Courts in the Third Circuit recognize that Rule 42 provides broad authority to consolidate proceedings where it promotes judicial efficiency and fairness. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80–81 (D.N.J. 1993).

Here, consolidation of this action with the earlier-filed, First New Jersey Action between substantially the same parties, is warranted. Both actions involve materially identical parties, overlapping factual allegations, and the same core disputes concerning Plaintiff's '891 Patent, the alleged use of patented methodology in cleaning operations, and the related business dealings between the parties. Judicial efficiency favors consolidation because it will avoid duplicative discovery, inconsistent rulings, and unnecessary expense. Although courts must balance considerations of efficiency against risks of prejudice, delay, or confusion, none of those concerns are present here. *See Murrell v. City of Hackensack*, No. 16-2913, 2017 WL 4317387, at *2 (D.N.J. Sept. 28, 2017). The cases are at similar procedural stages and are both pending before Judge Williams, who is already familiar with the facts and issues. Consolidation will streamline case

management and ensure consistent adjudication of overlapping legal theories and factual allegations.

While administrative convenience alone does not mandate consolidation, where—as here—two cases arise from the same alleged events, share parties, and turn on common legal questions, consolidation is appropriate. *See ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 194 (D.N.J. 2015). The risk of inconsistent outcomes, duplicative litigation costs, and fragmented discovery all weigh heavily in favor of consolidating the pending New Jersey actions. Accordingly, pursuant to Rule 42(a), this Court should consolidate this case with the First New Jersey Action for all pretrial purposes, including discovery and dispositive motion practice, in the interests of judicial economy and efficiency.

### 2. If the Court does not Consolidate the New Jersey Actions, it should Stay this Action pending the outcome of the First New Jersey Action.

Even if this Court declines to consolidate at this stage, it should exercise its discretion to stay this matter pending resolution of the First New Jersey Action, or consolidation or transfer efforts in the District of Illinois Action. Courts have inherent authority to stay proceedings where doing so promotes judicial efficiency and avoids unnecessary duplication of efforts. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "Determining whether to stay an action requires the court to balance competing interests, including whether the actions: (1) involve the same parties; (2) involve the same issues; or (3) are pending in the same court." *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 541–42 (D.N.J. 2008) (citing *Local 478 Trucking & Allied Indus. Pension Fund v. Jayne*, 778 F.Supp. 1289, 1324 (D.N.J.1991)). Additionally, a court should

consider whether a stay would prejudice the plaintiff and if it would further the interest of judicial economy. *Id.*

A stay is especially appropriate where, as here: two related cases are pending before the same court and judge; the factual and legal issues substantially overlap; there is a risk of inconsistent rulings; and a third related action is pending in another jurisdiction (District of Illinois) involving the same patent and parties. Allowing this action to proceed in parallel would burden the parties with duplicative discovery and potentially inconsistent adjudications on issues such as claim construction, infringement, and damages. *See Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1566 (Fed. Cir. 1996) (noting risks of inconsistent rulings in overlapping patent disputes). Staying this action until resolution or consolidation with the First New Jersey Action—or coordination with the District of Illinois Action—would serve the interests of justice and avoid waste of resources.

Additionally, both the First New Jersey Action and this case are pending before Judge Williams, and both raise common questions regarding the alleged infringement of the '891 Patent and the conduct of the same set of parties. A coordinated approach would benefit all involved and promote consistent and fair outcomes. A stay here would not prejudice Plaintiff. To the contrary, Plaintiff has already asserted the same direct infringement claims against ASI in the First New Jersey Action and has the opportunity to assert the same claims, if appropriate, against PSEG, Talwar and Menezes. Plaintiff's interests in pursuing those claims will not be harmed by coordinating the timing of overlapping litigation. Rather, it would prevent the inefficient piecemeal resolution of identical issues in multiple forums. Accordingly, even if the Court declines to consolidate at this time, it should stay this action pending the outcome of consolidation proceedings or coordination with the related matters in New Jersey and Illinois.

### D.  PLAINTIFF'S CLAIMS AGAINST PSEG, ASI, TALWAR AND MENEZES SHOULD NEVERTHELESS BE DISMISSED PURSUANT TO RULE 8 AND RULE 12(b)(6)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts "accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). However, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir.1997). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputely authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### 1. Plaintiff Fails to State a Claim for Direct Patent Infringement Against ASI

To survive a motion to dismiss, a complaint must allege facts sufficient to support a plausible inference that the defendant infringed at least one claim of the asserted patent. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. For direct infringement, Plaintiff must allege that ASI performed each and every step of at least one asserted method claim, either literally or under the doctrine of equivalents. *Amgen Inc. v. F. Hoffmann–LaRoche Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009); *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc*., 725 F.3d 1341, 1348 (Fed. Cir. 2013). Moreover, direct infringement of a method claim under 35 U.S.C. § 271(a) requires that all steps be performed by or attributable to a single entity. *LifeNet Health v. LifeCell Corp*., 837 F.3d 1316, 1325 (Fed. Cir. 2016).

The Supreme Court has explained that "[e]ach element contained in a patent claim is deemed material to defining the scope of the patented invention and a patentee's rights extend only to the claimed combination of elements, and no further.*" Limelight Networks, Inc. v. Akamai Techs., In*c., 572 U.S. 915, 921, 134 S. Ct. 2111, 2117, 189 L. Ed. 2d 52 (2014) (emphasis added) (internal citations omitted). Crucially, "the enumerated steps of a method claim must nevertheless all be practiced as recited in the claim for a process to infringe." *Ricoh Co. v. Quanta Computer Inc.,* 550 F.3d 1325, 1333 (Fed. Cir. 2008) (emphasis added) (internal citations omitted*); see also, Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1219 (Fed. Cir. 2014) ("A method claim is directly infringed when someone practices every step of the patented method.").

Plaintiff has failed to allege facts showing that ASI, alone or through direction or control over another, performed all steps of any claim of the '891 Patent. The only specific allegation in the Amended Complaint concerning ASI states: "ASI, Talwar, and Menezes utilized the same or substantially the same underwater cleaning process as that performed by ASI in connection with

the 2015 cleaning operations of the Salem Plant's underwater pipes." Am. Compl. ¶ 64. This vague reference to joint activity is insufficient to establish that ASI performed every step of a claimed method or directed others to do so. The Federal Circuit has made clear that "[w]here more than one actor is involved in practicing the steps… a party is liable for direct infringement only if the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1365 (Fed. Cir. 2017) (internal citation omitted). Plaintiff does not allege any facts indicating direction, control, or a joint enterprise among the defendants. Nor does Plaintiff allege which steps—if any—ASI is alleged to have performed.

Plaintiff's allegation that the Defendants "performed all the steps of Claim 1" (Am. Compl. ¶ 63) is nothing more than a conclusory recitation of the elements of a claim. These are precisely the type of boilerplate allegations that *Iqbal* and *Twombly* prohibit. *See Desenberg v. Google, Inc.*, 392 F. App'x 868, 870–71 (Fed. Cir. 2010) (affirming dismissal where plaintiff failed to allege with specificity that defendant performed all steps or directed others to do so); *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (requiring "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite "direction or control" over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.")

Nor do Plaintiff's embedded figures and diagrams cure the deficiency. Am. Compl. ¶¶ 65–70. These images purportedly depict activity from 2017, when Plaintiff was still involved in cleaning operations at the Salem Plant. *Id.* Yet the alleged infringement concerns events after 2017. *See Id.* ¶ 60 ("Subsequent to its 2017 cleaning operation for PSEG, Defendant ASI continued to perform one or more jobs for PSEG using Northern Divers's patented methodology, without

14

Northern Divers's knowledge, consent, or license, thereby willfully infringing one or more claims of the '891 Patent, including at least claim 1 of the '891 Patent, after its issuance.") Plaintiff fails to allege that the pipeline conditions or cleaning processes remained the same, or that ASI used the patented methodology without authorization after Plaintiff's departure. These diagrams, therefore, offer no support for the required element-by-element infringement analysis. *See Atlas IP, LLC v. Exelon Corp.,* 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), aff'd, 686 F. App'x 921 (Fed. Cir. 2017) ("Factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement…"); *Raindance Techs., Inc. v. 10x Genomics, Inc.,* No. 15-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016).

Moreover, the paragraphs following each figure are essentially recitations of the paragraphs set forth in Claim 1 of the '891 Patent. *See* Am. Compl. ¶¶ 65-70, *comp.* ¶ 62. Whether or not the steps performed in 2015 or 2017 were in line with the methodology covered by the patent is not dispositive over what ASI did *after* 2017 that would constitute infringement. Again, there is no allegation of infringement before 2018. The Amended Complaint fails to allege any specific acts by ASI after 2018 that could constitute infringement of the '891 Patent's Claim 1 methodology. It does not identify a single occasion on which ASI allegedly cleaned the Salem Plant's underwater pipe system in a manner that could give rise to infringement, relying instead on a vague and unsupported reference to activity "sometime in 2021." On a motion to dismiss, "courts are not compelled to accept 'unsupported conclusions and unwarranted inferences, nor a legal conclusion couched as a factual allegation." *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, No. 3:18-CV-2211, 2019 WL 1418129, at *6 (D.N.J. Mar. 29, 2019) (internal quotations and citations omitted).

By contrast, ASI alleges in its Amended Complaint that it had "cleared the discharge pipe in the same manner utilized by ASI for almost 30 years at many jobs, including 26 years at Salem [Plant], prior to any involvement by Northern Divers" and that the "entire operation was a standard one utilizing commonly known, independently developed, non-proprietary methodologies." *See Atlantic Subsea, Inc. v. Northern Divers USA, Inc., et al.*, No. 1:23-cv-00198, Dkt. 27, ¶ 27 (D.N.J. Nov. 27, 2023). *See also* Am. Compl. Ex. 10. Moreover, Plaintiff glosses over important distinctions between the work ASI claims was performed versus what is covered by the '891. As noted in Exhibit 10 of the Amended Complaint, ASI's letter dated February 22, 2022, ASI performed work cleaning outflow pipes, not intake pipes. The principal claim of the '891 Patent sets forth a methodology by which water is directed through the pipe and out through the intake end of the pipe—which is the very definition of a reverse flow. *See id.* As delineated in a chart included in the February 22, 2022 letter, a comparison of the various claims made in the '891 Patent and ASI's operations for PSEG demonstrate that the work performed at PSEG does not fall within the scope of the '891 Patent:

| Patent | Work Performed at PSEG |
|---|---|
| Patent is for "*Intake* Pipe Cleaning System and Method" | PSEG work was on independent *discharge* pipe |
| Cleaning is done with "*reverse* flow"-- waterflow against natural flow | Water flushed out using standard pumps in the *same direction as flow* |
| Attachments, bubblers and additives in patent | No attachments, bubblers or additives |
| Variety of water pumps | Standard industry rental pumps |
| Proprietary turbulence flanges | No special flanges |
| Forced air with compressors | No forced air or compressors used |
| Flow directing attachment | No attachments |

*See Id.* Ex. 10, p. 2.

Finally, Plaintiff fails to allege when the purported infringement occurred or identify which specific claims of the '891 Patent were allegedly infringed by ASI. Vague references to

infringement of "one or more claims" of the Patent (see, e.g., Am. Compl. ¶¶ 63, 82) are insufficient under well-established pleading standards and provide no meaningful notice to ASI, making it impossible to frame a proper response. *See Twombly*, 550 U.S. at 555 (requiring "more than labels and conclusions"). The '891 Patent includes at least twelve (12) separate claims. See Ex. 5 at p. 12. If Plaintiff had any factual basis to allege that ASI employed the specific methodology protected by any of those claims, it was obligated to plead that information with specificity. Instead, Plaintiff offers only speculation—concluding that because PSEG engaged ASI in 2021 to clean its underwater pipeline, ASI must have used Plaintiff's patented method. This unsupported inference fails to meet the plausibility threshold. Critically, Plaintiff does not allege— nor could it—that the methodology it claims to be patented is the only viable or legally permissible way to clean an underwater pipeline. The absence of such allegations further underscores the speculative and conclusory nature of the infringement claims.

Plaintiff's only attempt to support its claim is the speculative assertion that ASI must have used the patented process because it was allegedly more successful than ASI's prior techniques. Am. Compl. ¶ 81. But alleging that a method was "more successful" than prior attempts do not support a plausible inference that ASI used Plaintiff's patented method, much less every element of a specific patent claim. Speculation is not a substitute for factual allegations. S*ee Simonyan v. Ally Fin. Inc.*, No. 12-8495, 2013 WL 45453, at *2 (C.D. Cal. Jan. 3, 2013). Because Plaintiff has not plausibly alleged that ASI performed each step of any claim, either directly or under a divided infringement theory, the direct infringement claim against ASI must be dismissed.

### 2. Plaintiff Fails to Plead a Claim for Patent Infringement Against Talwar or Menezes

Each count of a properly pled complaint must contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the

court to draw the reasonable inference that said defendant(s) is liable for that particular cause of action. *See Iqbal*, 556 U.S. at 678. A plaintiff must also allege facts showing each defendant's actual personal involvement in each of the alleged wrongs, and present sufficient facts establishing each defendant's liability for each claim asserted. *See generally Binsack v. Lackawanna Cnt. Prison*, 438 F. App'x 158, 160 (3d Cir.2011) (holding that the district court did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant: the defendants could not meaningfully respond to his complaint.")

Here, Plaintiff's attempt to assert direct infringement claims against two individual corporate officers of Defendant ASI—Defendants Talwar and Menezes—fails as a matter of law. The Amended Complaint does not plead any facts establishing that either individual personally committed any infringing acts or that they acted outside the scope of their corporate roles. Nor does it allege any theory under which the corporate form should be disregarded, such as an alter ego or veil-piercing theory. For these reasons, the claims against them must be dismissed.

To state a claim for direct infringement under 35 U.S.C. § 271(a), a plaintiff must allege that the defendant "without authority makes, uses, or sells any patented invention infringes the patent." *Manville Sales Corp. v. Paramount Sys., In*c., 917 F.2d 544, 553 (Fed. Cir. 1990)(citing 35 U.S.C. § 271(a)). While corporate entities may be liable for direct infringement, individual officers or employees are generally not liable for the corporation's alleged infringement simply by virtue of their roles. *Id.* "Patent infringement is a tort and in general, a corporate officer is personally liable for his tortious acts, just as any individual may be liable for a civil wrong," *Wordtech Sys., Inc v. Integrated Networks Sols*., Inc., 609 F.3d 1308, 1313 (Fed. Cir. 2010) (citing *Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1411 (Fed.Cir.1996)). However, the "corporate veil shields a company's officers from personal liability for direct infringement that the

officers commit in the name of the corporation, unless the corporation is the officers' alter ego." *See Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed.Cir.2007). As such, to "determine whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil*." Orthokinetics, Inc. v. Safety Travel Chairs, Inc*., 806 F.2d 1565, 1579 (Fed.Cir.1986).

A court may exert its equitable powers and disregard the corporate entity if it decides that piercing the veil will prevent fraud, illegality, injustice, a contravention of public policy, or prevent the corporation from shielding someone from criminal liability. *Zubik v. Zubik,* 384 F.2d 267, 272 (3d Cir.1967), *cert. denied,* 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968). The court, however, must "start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." *Id*. at 273. Moreover, unless there is at least "specific intent to escape liability for a specific tort ... the cause of justice does not require disregarding the corporate entity." *Manville Sales Corp*., 917 F.2d at 552. Even when there are facts that support the conclusion that the officers had knowledge of their acts, if these acts were within the scope of their employment, Courts have held that they were protected by the corporate veil. *Id.* at 553 (citing W. Fletcher, 10 Fletcher Cyclopedia of the Law of Private Corporations § 4877, at 323–24 (rev. perm. ed.1986)). Courts routinely dismiss claims brought against corporate officers in the absence of individualized allegations of infringing conduct or a viable veil-piercing theory. *See, e.g., MONEC Holding AG v. Motorola Mobility, Inc.,* 897 F. Supp. 2d 225, 236 (D. Del. 2012) (dismissing patent claims against officers for failure to allege personal participation or veil-piercing); *Pragmatus AV, LLC v. Yahoo! Inc*., No. 11-902, 2012 WL 6044793, at *6 (D. Del. Nov. 13, 2012)

Here, for Talwar and Menezes, officers of ASI, to be personally liable for ASI's infringement under Section 271(a), there must be evidence to justify piercing the corporate veil. *See A. Stucki Co. v. Worthington Indus., Inc.*, 849 F.2d 593, 596 (Fed.Cir.1988). The Amended Complaint contains no plausible allegations that Talwar or Menezes personally performed any infringing acts, nor does it allege that they acted outside the scope of their duties as corporate officers of ASI. Instead, Plaintiff uses vague and conclusory group pleading, asserting only that ASI acted "through Talwar and Menezes" (Am. Compl. ¶ 77), without describing any specific act taken by either individual that would give rise to liability. This is insufficient under Rule 8. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Moreover, Plaintiff fails to allege any facts that would support piercing the corporate veil of ASI to hold its officers individually liable. Courts are extremely reluctant to disregard the corporate form and will do so only in extraordinary circumstances where a plaintiff plausibly pleads that the corporation was a mere instrumentality of the individual officers, used to commit fraud or injustice. *See Pearson v. Component Tech. Corp*., 247 F.3d 471, 484–85 (3d Cir. 2001). No such allegations appear anywhere in the Amended Complaint. Plaintiff only vaguely alleges that Talwar and Menezes were the individuals who interacted and communicated with PSEG and Plaintiff. There are only bald allegations that vaguely claim that Talwar and Menezes signed the contracts and communicated with the representatives of PSEG and Plaintiff; only engaging in actions on behalf of ASI that are plainly within the scope of their roles as corporate officers. The complete absence of any veil-piercing theory or factual basis for one is fatal to Plaintiff's attempt to hold Talwar or Menezes liable for the conduct of ASI. Accordingly, the direct infringement claims against Defendants Talwar and Menezes must be dismissed.

### 3.   Plaintiff Fails to Plead a Claim for Induced Infringement against PSEG

Plaintiff's claim for inducement under 35 U.S.C. § 271(b) fails as a matter of law. To be liable under Section 271(b), inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Wordtech Systems, Inc.,* 609 F.3d at 1315 (quoting *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) ). To state a claim for induced infringement, Plaintiff must plausibly allege that: (1) the defendant knew of the patent; (2) knowingly induced a third party to perform specific acts; (3) specifically intended those acts to infringe the patent; and (4) the third party committed direct infringement as a result. *Vita-Mix Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009); *DSU Med. Corp*., 471 F.3d at 1305.

As courts have repeatedly held, "[i]ndirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1272 (Fed. Cir. 2004). Yet here, Plaintiff fails to identify any specific instance of direct infringement—by ASI or any other party—on any particular claim of the '891 Patent. The Amended Complaint relies instead on vague references to alleged inducement "through Talwar and Menezes" to use Plaintiff's patented method during cleaning operations "on at least three (and perhaps more) occasions." Am. Compl. ¶¶ 77–80. But these allegations lack the required specificity to sustain a plausible claim. Two of the referenced cleaning events occurred in 2015 and 2017—years during which no infringement could have occurred because of a prior agreement between the parties. That leaves only a vague reference to an alleged 2021 cleaning event, which also lacks any detail regarding what specific acts were taken, by whom, when, or how they supposedly infringed a particular patent claim. Plaintiff does not even attempt to specify, aside from Claim 1, which "claims" of the '891 Patent were allegedly infringed.

21

Moreover, Plaintiff does not plausibly allege that PSEG took any affirmative steps to induce infringement, or that it had the specific intent required under *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). The mere allegation that PSEG instructed ASI to perform a cleaning operation—without any factual allegations that PSEG knew of the patent or believed the acts would infringe—is legally insufficient. Nor does the Amended Complaint identify any viable factual basis for willfulness or scienter. Courts routinely dismiss inducement claims on this basis. *See, e.g., Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal where plaintiff failed to plead specific intent); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1363–64 (Fed. Cir. 2017) (affirming dismissal where conclusory allegations of inducement failed to identify affirmative acts).

Indeed, contrary to Plaintiff's position, both ASI and PSEG have denied using Plaintiff's patented methodology and ASI has even sought a declaratory judgment of noninfringement in the First New Jersey Action. ASI submitted a claim chart in the related litigation showing the material differences between its process and what Plaintiff claims is covered by the '891 Patent. *See Atlantic Subsea, Inc. v. Northern Divers USA, Inc., et al*., No. 1:23-cv-00198, Dkt. 27, ¶ 27 (D.N.J. Nov. 27, 2023). Plaintiff offers only threadbare recitals of inducement elements, unsupported by any factual allegations. Such pleadings do not withstand scrutiny under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678.

## IV.    CONCLUSION

For the foregoing reasons, Defendants PSEG, ASI, Talwar and Menezes respectfully request that this Court dismiss the Amended Complaint in its entirety as barred by the first-filed rule and the compulsory counterclaim doctrine, or stay this action in favor of the First New Jersey Action, which involve the same parties, claims, and factual issues. In the alternative, Defendants request

that the Court dismiss Counts I and II against PSEG, ASI, Talwar and Menezes for failure to state

a claim upon which relief can be granted; and grant such other and further relief as the Court deems

just and proper.

Respectfully submitted,

Dated:  June 2, 2025

By: /s/ *Richard P. Coe, Jr.*

Richard P. Coe, Jr., Esq.
Susan A. Weir, Esq.
WEIR LLP
35 Kings Highway East
Haddonfield, NJ  08033
(856) 740-1490
(856) 740-1491 (fax)
rcoe@weirlawllp.com
sweir@weirlawllp.com
*Counsel for Defendants Atlantic Subsea,*
*Inc., Ajay A. Talwar and Vinod Menezes*


Paige S. Nestel, Esq.
PSEG
80 Park Plaza
Newark, NJ 07102
(908) 692-5353
Paige.nestel@pseg.com
*Counsel for PSEG Nuclear, LLC, i/p/a*
*PSEG Global, USA, Inc.*